UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENDRA MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:04CV01527 AGF |
| | ) |
| U.S. BANK, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court[1] on the motion of Defendant for summary judgment and the motion of the Trustee of Plaintiff's bankruptcy estate to intervene as a party plaintiff. For the reasons set forth below, Defendant's motion for summary judgment shall be granted in part on the basis of judicial estoppel, and denied in part, and the Trustee's motion to intervene shall be granted.

### BACKGROUND

The record establishes the following: Defendant terminated Plaintiff's employment in December 1993. Plaintiff filed a charge of race discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC), which issued a right-to-sue letter on August 20, 2004. On October 24, 2004, Plaintiff and her husband filed for Chapter 7 bankruptcy, with the assistance of counsel. In re Martin, No. 04-

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

53032-172 (Bankr. E.D. Mo. 2004). The debtors' Schedule of Personal Property (Schedule B) did not mention Plaintiff's claim against Defendant. Nor did their Schedule of Exempt Property (Schedule C) or their Statement of Financial Affairs mention the claim, even though the latter form specifically calls for the listing of "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."

Plaintiff filed the present lawsuit on November 4, 2004, with the assistance of the same attorney who was representing her in the bankruptcy case. In the present case, Plaintiff claims racial discrimination and retaliation, and seeks back pay and front pay, as well as nominal damages, under Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act. Plaintiff also seeks $1,000,000 in punitive damages on each count. Plaintiff and her husband filed an amended Schedule B in the bankruptcy case on February 10, 2005, to add a creditor, and again did not mention Plaintiff's claim against Defendant. The Meeting of Creditors in the bankruptcy case was concluded on November 29, 2004, and an Order of Discharge was entered on March 22, 2005.

On May 3, 2005, Defendant moved for summary judgment in the present action on the basis of (1) judicial estoppel, in that Plaintiff did not acknowledge in the bankruptcy proceeding that she had a pending claim against Defendant; and (2) Plaintiff's lack of standing to pursue her claims, because all interest in her claims against Defendant had vested in the Bankruptcy Trustee upon the filing of the bankruptcy case. On May 12, 2005, Plaintiff and her husband amended their Schedule B to list the present action as

2

their property, noting that the suit sought $400,000 in nominal damages and $4 million in punitive damages. They noted "0" in the column asking for the "Current Market Value of Debtor's Interest in the Property, without Deducted any Secured Claim or Exemption." The debtors also amended their Statement of Financial Affairs to list Plaintiff's claim. In re Martin, Doc. #38. On the same day, the debtors filed a motion for the Trustee to abandon all interest in Plaintiff's lawsuit against Defendant, so that Plaintiff could pursue it on her own behalf as exempt property. In re Martin, Doc. #35.

Also on May 12, 2005, Plaintiff responded to Defendant's motion for summary judgment in the present action. She informed the Court of the amendment to her bankruptcy documents and debtors' motion for the Trustee to abandon the claim. On May 20, 2005, a hearing was held in the bankruptcy court, at which the Trustee opposed the debtors' motion to compel abandonment of Plaintiff's claim against Defendant, and the bankruptcy court denied the motion to compel abandonment. The debtors filed a motion for reconsideration, and on May 27, 2005, Plaintiff filed a notice with this Court that a hearing on her motion for reconsideration had been set for June 22, 2005. On June 24, 2005, the bankruptcy court denied the motion for reconsideration, stating as follows:

> The Debtors did not identify or list the unliquidated claim against the Creditor [U.S. Bank] until after the Order of Discharge had been entered, and after the Creditor filed a motion in the non-bankruptcy proceeding.
>
> It appears likely that the Chapter 7 Trustee may be a necessary party to the non-bankruptcy prosecution of this clam against the Creditor. As of the date of this hearing, the claim had not been

> abandoned from this estate, and the Trustee had not been added as a party to the non-bankruptcy lawsuit.
>
> The Debtor's failure to identify or list this asset until after the Order of Discharge had been entered, in the circumstances presented here, presents a situation that is not unlike the situation in certain reported cases that have found bad faith for the debtors's failure to promptly list an asset.

In re Martin, Doc. #66. In denying the motion to reconsider, the bankruptcy court added, "the Debtors' motion to allow or recognize the Debtors' standing to pursue a discrimination claim is denied." Id.

On June 27, 2005, this Court issued an Order for the parties to show cause by July 7, 2005, why Defendant's motion for summary judgment should not be granted. On July 13, 2005, the Trustee of Plaintiff's bankruptcy estate moved to intervene as a co-plaintiff in the present action, asserting that Plaintiff's claim for lost wages was property of the debtors' estate. The Trustee notes that the creditors having claims in Plaintiff's bankruptcy case would benefit from any recovery arising out of the litigation in this Court, and that the Trustee would be impaired in his ability to recover assets of Plaintiff's creditors if he is not allowed to intervene in this litigation.

On July 22, 2005, the debtors filed new amended Schedules in the bankruptcy case. The new Schedule B changed the market value of the debtors' interest in the present lawsuit from 0 to $400,000. The new Schedule C claimed that the $400,000 was exempt property, as well as an additional $300,000. In re Martin, Doc. #68. On August 8, 2005, the Trustee filed objections to the amended claims of exemption. The Trustee argued that

4

the debtors were precluded from claiming the suit against Defendant as exempt, "due to the bad faith concealment of the claim." In re Martin, Doc. #71.[2]

On August 22, 2005, Plaintiff filed an out-of-time response to the Court's Show Cause Order. Plaintiff argued that the motion for summary judgment was moot, because the Trustee "was granted the right to substitute for Plaintiff's interest and has now filed a Motion to Intervene." Plaintiff also stated that the Schedule B and Schedule C forms in the bankruptcy action had now been re-amended as set forth above.

On August 29, 2005, the Court issued another Show Cause Order, this time granting Defendant through September 6, 2005, to respond to the Trustee's motion to intervene. Meanwhile, on September 26, 2005, the bankruptcy court ruled in favor of the Trustee on the Trustee's objections to the debtors' amended claim of exemptions. The bankruptcy court denied the debtors' claimed exemption in the lawsuit, due to the debtors' bad faith concealment. In re Martin, Doc. #76.[3]

Defendant responded to this Court's second Show Cause Order on September 30, 2005, arguing that its motion for summary judgment, which was ripe before the Trustee filed his motion to intervene, should be granted, rendering the Trustee's motion moot. Defendant also argues that because Plaintiff had no standing to pursue this action when

---

[2] The Trustee argued alternatively, that in any event, "the portion of the suit for economic and punitive damages is not exempt" under state law.

[3] The bankruptcy court also granted the Trustee the alternative relief requested.

she filed it, as she was already in bankruptcy, there is no lawsuit in which the Trustee can intervene.

## DISCUSSION

Judicial estoppel applies where a party asserts a claim or position in a legal proceeding that is inconsistent with the claim or position taken by that party in a previous proceeding. New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001). The doctrine's purpose "is to protect the integrity of the judicial process and to prevent parties from playing fast and loose with the courts by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. (citations omitted). Judicial estoppel is an equitable doctrine invoked by a court at its discretion, and should not be invoked where the plaintiff's former position was the product of inadvertence or mistake. Id. at 750, 753 (citations omitted); Taylor v. Comcast Cablevision of Ark. Inc., 252 F. Supp. 2d 793, 796 (E.D. Ark. 2003).

Bankruptcy debtors have a duty to disclose all legal and equitable interests in property. 11 U.S.C. § 521. "All property of the debtor, even property needed for a fresh start, is included in the estate. After the property comes into the estate, the debtor is then permitted to exempt property needed for a fresh start." In re Graham, 726 F.2d 1268, 1271 (8th Cir. 1984), abrogated on other grounds by Patterson v. Shumate, 504 U.S. 753 (1992). Here, it is undisputed that Plaintiff's claim against Defendant was property that should have been listed on the initial Schedule B, which was filed after the EEOC charge was lodged. See U. S. ex rel. Gebert v. Transp. Admin. Servs., 260 F.3d 909, 913 (8th

Cir. 2001) (property of a bankruptcy estate is broadly defined and "encompasses conditional, future, speculative, and equitable interests of the debtor"); Harris v. St. Louis Univ., 114 B.R. 647, 648 (E.D. Mo. 1990) (employment discrimination claim was part of bankruptcy estate where debtor completed an EEOC intake questionnaire alleging discriminatory discharge three months before filing Chapter 7 petition).

More egregious was the failure to include Plaintiff's claim against Defendant when the Schedule B was amended in February 2005, well after this lawsuit was filed. Significantly, in none of Plaintiff's pleadings before this Court following Defendant's motion for summary judgment has she attempted to explain why she did not list her claim against Defendant as property in the bankruptcy proceeding. At most, Plaintiff implies that the cause of action was not required to be listed, because it was exempt. To the extent this is offered as an explanation for Plaintiff's omission, the Court finds it ingenuine. Even if the claim were entirely subject to exemption – and Plaintiff now acknowledges that it is not – the Bankruptcy Code requires the scheduling of all assets and claims, even exempt property. See Graham, 726 F.2d at 1271. Moreover, it appears that the debtors did not omit to note other property they claimed as exempt. From these facts and based on the timing of events, it appears that Plaintiff intended to manipulate the judicial system. This finding is bolstered by the bankruptcy court's finding of bad faith on the part of the debtors in the failure to reveal Plaintiff's claim against Defendant until after the Order of Discharge was entered. The Court is therefore convinced that this is an appropriate case for the application of judicial estoppel to bar Plaintiff from

7

recovering anything in the present lawsuit. See Gebert, 260 F.3d at 918 (affirming district court's application of judicial estoppel to preclude plaintiff from proceeding with a qui tam action not listed in plaintiff's bankruptcy filings). The Court notes that "it is a well-established principle in this Circuit that a party may be held responsible for the actions of its counsel." Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596 (8th Cir. 2001).

Were the Court deciding the matter of judicial estoppel in a vacuum, without regard to the effect of a ruling on Plaintiff's other creditors, the Court would have no difficulty granting Defendant's motion for summary judgment. The Court is mindful, however, that judicial estoppel is an equitable remedy, whose purpose is to "protect the integrity of the judicial process." Total Petroleum, Inc. v. Davis, 822 F.2d 734, 738 n.6 (8th Cir. 1987). In this context, it is important to consider the effect of such an order on the bankruptcy proceedings. As the court noted in An-Tze Chang v. K&S Diversified Inv., Inc. (*In re* An-Tze Chang), 308 B.R. 448, 460 (B.A.P. 9th Cir. 2004), "[t]he fashioning of a judicial estoppel remedy in bankruptcy requires vigilance to the possibility that what looks like a two-party dispute may be complicated by the effect the result will have on others." See also Aaron v. United States, 65 Fed. Cl. 29, 32 (2005) (recognizing refusal to substitute trustee would unduly penalize creditors); Richardson v. United Parcel Serv., 195 B.R. 737, 739 (E.D. Mo. 1996) (refusing to apply judicial estoppel where effect would be to penalize creditors). Application of judicial estoppel in this context plainly would not be in the best interest of Plaintiff's other creditors. This is

especially apparent in light of the other motion pending before the Court – the motion of the Trustee to intervene in this lawsuit.

Further, application of judicial estoppel in this case would thwart the actions taken by the bankruptcy court to permit the Trustee to administer the claim, while refusing either to require the Trustee to abandon the claim or to permit the debtors to assert an exemption related to the claim. Under these facts, it is difficult to see how an order foreclosing the claim in its entirety could be characterized as an act preserving the integrity of the judicial process. See Aaron, 65 Fed. Cl. at 32.

Recognizing that the Plaintiff/debtor and the Trustee have separate identities, that the Plaintiff/debtor concealed the claim from the Trustee, and that the Trustee moved promptly to protect the estate's interests upon discovery of the claim, the Court believes that the equitable remedy of judicial estoppel should be applied here to preclude Plaintiff from recovering anything from this action, while allowing the Trustee to proceed on behalf of the bankruptcy estate for the benefit of the debtors' creditors. See An-Tze Chang, 308 B.R. at 461 (citing Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992)); see also In re Moore, 312 B.R. 902, 910 (Bankr. N.D. Ala. 2004) (trustee's actions independent and separate from debtor's).

Defendant is correct that because Plaintiff's claim against Defendant was property of the estate when the present complaint was filed, the Trustee was the real party in interest under Federal Rule of Civil Procedure 17(a), and Plaintiff did not have standing to assert the claims. See Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th

Cir. 2004); Wieburg v. GTE Sw. Inc., 272 F.3d 302, 306 (5th Cir. 2001); Harris, 114 B.R. at 649. This, however, does not mean that the Trustee cannot now be permitted to be substituted as the real party in interest. Rule 17 (a) provides that "'[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection" by substitution of the real party in interest. The Advisory Committee notes to Rule 17(a) explain that this provision was added "in the interests of justice." The notes go on to explain that the provision was intended to prevent forfeiture when "determination of the proper party to sue is difficult or when an understandable mistake has been made."

Here, Plaintiff bringing this action in her own name cannot be said to be the result of an "understandable mistake" on her part. The Trustee, however, cannot be faulted for this and has moved to intervene within a reasonable time of learning of the existence of the lawsuit. Granting Defendant's motion for summary judgment would result in injustice to Plaintiff's creditors, and a possible windfall to Defendant. The Court concludes that the Trustee's motion to intervene should be granted. See Parker, 365 F.3d at 1272-73 (trustee of Chapter 7 debtor's estate permitted to intervene in debtor's employment discrimination suit which debtor improperly did not list on bankruptcy forms; trustee could proceed with action despite fact that judicial estoppel would preclude debtor from proceeding); Wieburg, 272 F.3d at 309 (district court abused its discretion in dismissing lawsuit brought by a Chapter 7 debtor for lack of standing, where it was not clear whether court considered to impact of the dismissal on debtor's creditors, and court did not explain why

less drastic alternative of allowing joinder by the trustee was inappropriate); but see In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004) (refusing to permit debtors to re-open bankruptcy proceeding and substitute trustee as plaintiff); Whitfield v. Ford Motor Co., 1995 WL 871142, at *5 (E.D. Mich. Feb. 27, 1995) (denying trustee's motion to intervene in non-disclosing debtor's lawsuit, on ground that as the debtor did not have standing to bring the action, there was no action in which trustee could intervene).

In Parker, the Eleventh Circuit stated as follows in a footnote: "[I]n the unlikely scenario where the trustee would recover more than an amount that would satisfy all creditors and the costs and fees incurred, then perhaps judicial estoppel could be invoked by the defendant to limit any recovery to only that amount to prevent an undeserved windfall from devolving on the non-disclosing debtor." Parker, 365 F.3d at 1273 n.4; see also In re Upshur, 317 B.R. 446, 453-54 (Bankr. N.D. Ga. 2004) (noting additionally that in such a situation, the non-disclosing debtor would be estopped from pursuing the claim should the trustee eventually abandon it); Moore, 312 B.R. at 910 (refusing to permit actions of debtor to bar trustee). This is essentially the result the Court reaches a priori in the present case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED,** in part, on the basis of judicial estoppel to preclude Plaintiff, but not the

11

Trustee, from obtaining any recovery from this lawsuit, and denied in other regards. [Doc. #12]

**IT IS FURTHER ORDERED** that the motion of the Bankruptcy Trustee to intervene in this action [Doc. #26] is **GRANTED.** The Clerk's Office is directed to substitute the Trustee's name as Plaintiff in this action.

**IT IS FURTHER ORDERED** that Defendant's motion for a stay of discovery pending ruling on its motion for summary judgment is **DENIED** as moot. [Doc. #15]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of November, 2005.